UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
                                                     :
NAVATAR GROUP, INC.,                                 :     Case No.: _____
                                                     :
                    Plaintiff,                       :     COMPLAINT
                                                     :
       v.                                            :
                                                     :     JURY TRIAL DEMANDED
DEALCLOUD, INC.,                                     :
                                                     :
                    Defendant.                       :     FEBRUARY 11, 2021
-----------------------------------------------------x
```

Plaintiff Navatar Group, Inc. ("Navatar" or "Plaintiff"), by and through its undersigned attorneys, for its complaint in this action against Defendant DealCloud, Inc. ("DealCloud" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false advertising under 15 U.S.C. § 1125(a), deceptive acts and practices under New York law in violation of N.Y. Gen. Bus. Law § 349, false advertising under New York law in violation of N.Y. Gen. Bus. Law § 350, and commercial defamation, injurious falsehoods, unfair competition, and tortious interference under New York common law.

## JURISDICTION AND VENUE

2. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, New York General Business Law, N.Y. Gen. Bus. Law §§ 349 and 350, and the common law of the State of New York.

3. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

4. The Court has personal jurisdiction over DealCloud because DealCloud transacts business in this district, has committed and threatens to commit false advertising and other torts in this district, has caused injury to Navatar and its property in this district and has directly targeted its activities at this district.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

6. Navatar is a private corporation organized under the laws of Delaware, with its principal place of business at 90 Broad Street, New York, New York 10004.

7. On information and belief, DealCloud is a corporation organized under the laws of Delaware, with its principal place of business at 129 West Trade Street, Suite 1025, Charlotte, North Carolina 28202.

## THE PARTIES' BUSINESSES

8. Navatar was formed in 2002. Navatar provides cloud-based customer relations management ("CRM") software services that are tailored to global financial customers, including investment banks, venture capital firms, hedge funds, private equity companies, asset managers, wealth managers, real estate investment firms, family offices, endowment funds, mutual funds, and corporate deal teams. Its products are used by hundreds of firms around the world.

9. DealCloud is a direct competitor of Navatar. DealCloud, upon information and belief, was formed in 2010. Its cloud-based CRM software services are focused on the private capital markets segment.

## BACKGROUND

10. DealCloud, in an effort to compete with a bigger and more-established competitor, has repeatedly engaged in a deceptive and false advertising campaigns directed at Navatar.

11. On or about May 18, 2018, Navatar commenced an action against DealCloud in the United States District Court for the Southern District of New York that bore the case caption *Navatar Group, Inc. v. DealCloud, Inc.,* Civil No. 1:18-cv-04428-PKC-BCM (the "Prior Action"), alleging that DealCloud had engaged in a deceptive comparative advertising campaign (the "Prior Campaign").

12. On January 8, 2019, the Prior Action was voluntarily dismissed following a negotiated settlement (the "Prior Settlement").

13. DealCloud has once again engaged in a false advertising campaign and made certain false and/or misleading claims regarding Navatar (the "Current Campaign").

14. The Current Campaign consists of DealCloud emailing Navatar's clients and/or prospective clients false and/or misleading statements about Navatar and its products and services, as well as repeating false and/or misleading statements purportedly posted on the website, www.glassdoor.com, by purported current and/or former employees of Navatar. *See, e.g.*, W. Butler Email to J. Balis, a true and accurate copy of which is attached hereto as **Exhibit 1**.

15. Upon information and belief, the Current Campaign has been used with Navatar's current and former clients, including, but not limited to, Capital Spring LLC, Corinthian Capital Group, LLC, Lovell Minnick Partners, Gridiron Capital LLC, White Mountain Capital, LLC, GHK Capital Partners LP, Atar Capital LLC, OpenGate Capital LLC, Clearlake Capital Group LP and AEA Investors LP, not to do business with Navatar.

16. The Current Campaign is directly targeted against Navatar. It is aimed at driving Navatar from the market and thereby depriving consumers of an alternative competitive CRM product.

17. The false and/or misleading statements made in the Current Campaign include the following:

    (a)      "Navatar is running into some trouble"

    (b)      "Navatar is in jeopardy of going bankrupt";

    (c)      "[Navatar] lose[s] 9.9/10 deals that come through the door (not an exaggeration) head to head against DealCloud, but other CRMs too";

    (d)      Navatar charges "3 times as much" as DealCloud;

    (e)      "Navatar closed 2 deals in 2020 to DealCloud's 200 deals";

    (f)      Navatar is "down to 2 sales people left at the company"; and

    (g)      Navatar has "gone from about 7 sales people to 2".

18. Upon information and belief, DealCloud has extensively utilized the Current Campaign with consumers and potential customers both in this district and throughout the United States. Upon further information and belief, DealCloud has also verbally made false and/or misleading statements about Navatar's CRM products both in personal meetings with prospective customers as well as in other written promotional documents.

19. Notwithstanding the Prior Action and the Prior Settlement, DealCloud published and/or republished the false statements without Navatar's authorization, without an investigation into the accuracy of the statements, with knowledge that the statements were false and/or misleading and with an intent to inflict harm on Navatar and deprive consumers of a competing alternative CRM product.

20. Consumers and potential customers purchasing CRM applications have been influenced by the Current Campaign in deciding which CRM application to purchase. The Current Campaign has adversely impacted Navatar's business reputation and goodwill. It has also adversely impacted Navatar's sales and boosted DealCloud's sales at Navatar's expense, resulting in direct injury and damages to Navatar's business, as well as the consuming public.

21. DealCloud has made and is continuing to make use of the Current Campaign with consumers and potential customers throughout the United States, including in New York.

22. DealCloud's use of the Current Campaign has been willful, malicious and carried out in bad faith.

23. DealCloud's Current Campaign has directly caused Navatar irreparable harm for which it has no adequate remedy at law.

## FIRST CAUSE OF ACTION
### (FALSE ADVERTISING UNDER FEDERAL LAW)

24. Paragraphs 1 through 23 above are hereby incorporated by reference and made a part of paragraph 24 as if fully realleged and set forth herein.

25. The Current Campaign constitutes false or misleading descriptions of fact with respect to the nature, characterization, capabilities, functions and qualities of both Navatar's and DealCloud's respective CRM service offerings.

26. DealCloud has used the false and/or misleading representations "in commerce," in connection with Navatar and its service offerings.

27. DealCloud made the false and/or misleading representations in the context of commercial advertising and/or promotion.

28. The Current Campaign has been used for the purpose of influencing consumers to buy DealCloud's services and/or cease buying Navatar's services.

5

29. DealCloud has extensively utilized the Current Campaign with consumers and potential customers throughout the United States.

30. As a direct and proximate result of the Current Campaign, Navatar has been harmed in its business and suffered monetary damages in an amount yet to be determined and/or is likely to be harmed by the Current Campaign.

31. Accordingly, DealCloud is liable to Navatar for such false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## SECOND CAUSE OF ACTION
### (DECEPTIVE ACTS AND PRACTICES UNLAWFUL UNDER NEW YORK STATE LAW)

32. Paragraphs 1 through 31 above are hereby incorporated by reference and made a part of this paragraph 32 as if fully set forth and realleged herein.

33. DealCloud has extensively utilized the Current Campaign with consumers and potential customers throughout the United States.

34. The Current Campaign includes false, materially deceptive and/or misleading statements.

35. As a direct and proximate result of the Current Campaign, consumers have been deceived and Navatar has been harmed in its business and suffered monetary damages in an amount not yet determined.

36. Accordingly, DealCloud is liable to Navatar for its deceptive acts and/or practices in violation of N.Y. Gen. Bus. Law § 349.

## THIRD CAUSE OF ACTION
### (FALSE ADVERTISING UNDER NEW YORK STATE LAW)

37. Paragraphs 1 through 36 above are hereby incorporated by reference and made a part of this paragraph 37 as if fully set forth and realleged herein.

38. DealCloud has extensively utilized the Current Campaign with consumers and potential customers throughout the United States.

39. The Current Campaign includes false, materially deceptive and/or misleading statements.

40. Consumers relied on the Current Campaign to their detriment.

41. As a direct and proximate result of the Current Campaign, consumers have been deceived and Navatar has been harmed in its business and suffered monetary damages in an amount not yet determined.

42. Accordingly, DealCloud is liable to Navatar for false advertising in violation of N.Y. Gen. Bus. Law § 350.

## FOURTH CAUSE OF ACTION
## (INJURIOUS FALSEHOOD / TRADE LIBEL)

43. Paragraphs 1 through 42 above are hereby incorporated by reference and made a part of paragraph 43 as if fully realleged and set forth herein.

44. DealCloud made and/or repeated false statements of purported fact about and concerning Navatar.

45. DealCloud knew the statements were false or acted with reckless disregard of whether the statements were false or not.

46. DealCloud maliciously published and/or republished the false statements to third-parties.

47. The Current Campaign disparages the quality of Navatar's services.

48. As a direct and proximate result, Navatar has suffered special damages. The Current Campaign was a substantial factor in causing others, including, but not limited to, Corinthian Capital Group, LLC, Lovell Minnick Partners, Gridiron Capital LLC, White Mountain Capital,

LLC, GHK Capital Partners LP, Atar Capital LLC, OpenGate Capital LLC, Clearlake Capital Group LP and AEA Investors LP, not to do business with Navatar.

49. Accordingly, DealCloud is liable to Navatar for trade libel under New York common law.

## FIFTH CAUSE OF ACTION
### (COMMERCIAL DEFAMATION / BUSINESS DISPARAGEMENT)

50. Paragraphs 1 through 49 above are hereby incorporated by reference and made a part of paragraph 50 as if fully realleged and set forth herein.

51. DealCloud made and/or repeated false statements of purported fact about and concerning Navatar.

52. DealCloud knew or should have known the statements were false or acted with reckless disregard of whether the statements were false or not.

53. DealCloud negligently and/or maliciously published and/or republished the false statements to third-parties.

54. The false statements, including, but not limited to, that "Navatar is running into some trouble" and "Navatar is in jeopardy of going bankrupt", impugn the basic integrity and creditworthiness of Navatar.

55. As a direct and proximate result of these false statements, Navatar's business reputation has been harmed and has suffered monetary damages in an amount not yet determined.

56. Accordingly, DealCloud is liable to Navatar for commercial defamation under New York common law.

## SIXTH CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER NEW YORK COMMON LAW)

57. Paragraphs 1 through 56 above are hereby incorporated by reference and made a part of this paragraph 56 as if fully set forth and realleged herein.

58. DealCloud intentionally made false statements and/or repeated false statements of purported fact about and concerning Navatar to third parties.

59. As a direct and proximate result of such unfair competition, Navatar has been harmed in its business and suffered monetary damages in an amount not yet determined.

60. Accordingly, DealCloud is liable to Navatar for unfair competition under New York common law.

## SEVENTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)

61. Paragraphs 1 through 60 above are hereby incorporated by reference and made a part of this paragraph 61 as if fully set forth and realleged herein.

62. Navatar had business relationships with its consumers, including, but not limited to, Corinthian Capital Group, LLC, Lovell Minnick Partners, Gridiron Capital LLC, White Mountain Capital, LLC, GHK Capital Partners LP, Atar Capital LLC, OpenGate Capital LLC, Clearlake Capital Group LP and AEA Investors LP.

63. DealCloud knew of these business relationships.

64. DealCloud, through malicious, dishonest, unfair and/or improper means – including publishing and/or republishing false and/or misleading statements to Navatar's consumers – intentionally interfered with Navatar's business relationships, including, but not limited to, Corinthian Capital Group, LLC, Lovell Minnick Partners, Gridiron Capital LLC, White Mountain

Capital, LLC, GHK Capital Partners LP, Atar Capital LLC, OpenGate Capital LLC, Clearlake Capital Group LP and AEA Investors LP.

65. As a direct and proximate result of such tortious interference, Navatar has been harmed in its business and suffered monetary damages in an amount not yet determined.

66. Accordingly, DealCloud is liable to Navatar for tortious interference with business relations under New York common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

(i) permanently enjoin DealCloud and any entities or persons acting in concert with DealCloud from engaging in further acts of false advertising, trade libel, defamation, deceptive acts and practices, unfair competition, or tortious interference;

(ii) award Navatar compensatory damages as provided by law.

(iii) award Navatar punitive damages to the extent of its entitlement thereto under applicable law;

(iv) award Navatar its costs, disbursements, and reasonable attorneys' fees incurred in bringing and prosecuting this action to the extent of its entitlement thereto under applicable law; and

(v) award Navatar such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial as to all issues and claims triable to a jury.

                                          Respectfully submitted,

By:   */s/ Brian E. Moran*
       Brian E. Moran
       Trevor L. Bradley
       ROBINSON & COLE LLP
       666 Third Avenue, 20th Floor
       New York, NY  10017
       Tel:  (212) 451-2900
       Fax: (212) 451-2999
       E-mail: bmoran@rc.com
               tbradley@rc.com

*Attorneys for Plaintiff*
*Navatar Group, Inc.*